IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PENN-STAR INSURANCE COMPANY, a Pennsylvania Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 08-CV-3552 ) |
| 2700 CLUB, INC., an Illinois Corporation, a/k/a 2700 CLUB LLC, and GRZEGORZ JACHIMOWSKI, | ) Judge Joan H. Lefkow ) ) ) |
| Defendants, | ) ) |
| VIRGIL TIRAN, | ) ) |
| Intervenor. | ) |

## MEMORANDUM OPINION AND ORDER

Penn-Star Insurance Co. ("Penn-Star") seeks a declaratory judgment against its insured, 2700 Club, Inc. a/k/a 2700 Club LLC ("2700 Club"), denying coverage for 2700 Club in an underlying liability action filed by the defendant Grzegorz Jachimowski[1] in the Circuit Court of Cook County, Illinois, arising from injuries he received while working on a construction project on property he alleges is owned or controlled by 2700 Club. Before the court is the motion of Jachimowski to dismiss the action on the basis that the court should exercise its discretion to decline jurisdiction under the Declaratory Judgment Act based on considerations of practicality,

---

[1] Jachimowski is named as a defendant, but Penn-Star seeks no affirmative relief from him.

1

judicial administration and comity. Defendant-insured 2700 Club joins the motion.[2] For the reasons stated below, the motion to dismiss [#29] is denied.

## BACKGROUND

Penn-Star is a Pennsylvania insurance corporation with its principal place of business in Philadelphia, Pennsylvania. 2700 Club is an Illinois corporation with its principal place of business in Chicago, Illinois. Jachimowski and Virgal Tiran[3] ("Tiran") are citizens of Illinois. The amount in controversy exceeds $75,000. The court, therefore, has jurisdiction under 28 U.S.C. § 1332 and the Declaratory Judgment Act, codified at 28 U.S.C. § 2201 *et seq*.

On December 23, 2003, Jachimowski was employed by a subcontractor for the construction of a building at a property owned by 2700 Club and located at 2700 W. Belmont Avenue ("the property"). He sustained injury while installing steel rebar on the building. He sued 2700 Club, several corporate entities associated with Tiran, his employer and others, for damages based on negligence. Penn-Star, which had issued an insurance policy to 2700 Club for a period including this event, filed this declaratory judgment action alleging that it has no duty to defend 2700 Club.[4]

---

[2] 2700 Club initially moved to stay the proceedings, arguing that the issue of indemnity raised by Penn-Star was not ripe for adjudication until 2700 Club was found liable in the underlying suit and that any consideration of Penn-Star's duty to defend would result in the adjudication of factual issues raised in the underlying suit. 2700 Club later obtained leave to withdraw its motion to stay and have it deemed a brief in support of Jachimowski's motion to dismiss.

[3] On December 16, 2008, the court granted the unopposed motion of Tiran, the principal of the general contractor, to intervene as a defendant.

[4] In its prayer for relief, Penn-Star requests that the court determine both its duty to indemnify and to defend. At a motion hearing held on May 21, 2009, however, counsel acknowledged that the issue of duty to indemnify is not ripe for adjudication and indicated his
(continued...)

Penn-Star denies coverage on the basis that the policy covered the operation of a vacant lot or vacant building but not injury resulting from the construction of a building on the property. Penn-Star also denies coverage because 2700 Club allegedly failed to timely notify Penn-Star of Jachimowski's accident and subsequent suit, as required by the policy.

## DISCUSSION

The Declaratory Judgment Act provides, in relevant part, that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Nationwide Ins.* v. *Zavalis*, 52 F.3d 689, 691-92 (7th Cir. 1995), quoting 28 U.S.C. § 2201(a). It is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton* v. *Seven Falls Co.*, 515 U.S. 277, 287, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995) (collecting cases). "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Id.* at 282 (citing *Brillhart* v. *Excess Ins. Co.*, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942)). "When a related state action is pending, concerns about comity, the efficient allocation of judicial resources, and fairness to the parties come into play." *Zavalis*, 52 F.3d at 692. "Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Brillhart*, 316 U.S. at 495. Yet, "the mere pendency of another suit is not enough in itself to

---

⁴(...continued)
willingness to withdraw that claim.

refuse a declaration." *Sears, Roebuck & Co.* v. *Zurich Ins. Co.*, 422 F.2d 587, 590 (7th Cir. 1970).

The Seventh Circuit has identified four non-exclusive factors the district court should consider when ruling on a motion to dismiss based on its discretion to exercise jurisdiction over declaratory judgment actions: (1) whether the declaratory suit presents a question distinct from the issues raised in the state court proceeding; (2) whether the parties to the two actions are identical; (3) whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation; and (4) whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time." *Zavalis*, 52 F.3d at 692.[5]

**I.       Analysis of the *Zavalis* Factors**

   **A.       Whether the declaratory suit presents a question distinct from the issues raised in the state court proceeding**

The duty to defend, the parties seem to agree, is not dependent on determination of the events that gave rise to Jachimowski's injury or on the outcome of the underlying litigation. Rather, "the insurance company's obligation to supply a defense is most often determined primarily, if not exclusively, from the face of the underlying complaint against the insured."

---

[5] The Seventh Circuit has noted but not resolved for this circuit a circuit split over whether a federal court's discretion to decline jurisdiction must be guided by the more stringent abstention principles articulated in *Colorado River Water Conservation District* v. *United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976), which counsels that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *See Zavalis*, 52 F.3d at 692, n.2.

*Zavalis*, 52 F.3d at 693-94.  Indeed, the movants have not identified any issues of fact or law in the underlying litigation that will affect the determination of coverage in the declaratory action.

**B.     Whether the parties to the two actions are identical**

The parties to the two actions are not identical.  Penn-Star is not a party to the underlying litigation.  Moreover, the defendants in the underlying litigation include Jachimowski's employer and the general contractor entities, none of whom is insured by Penn-Star.  (Indeed, this factor seems wholly inapplicable in the context of the issues presented in the two cases at issue here.)  This factor does not counsel against the retention of jurisdiction.

**C.     Whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation**

Jachimowski argues that going forward with this declaratory judgment action would result in duplicative and piecemeal litigation because witnesses who have already given depositions in the underlying litigation would be required to give additional depositions in the federal case.  Reply at 3.  Similarly, 2700 Club argues that proceeding with this action would result in a waste of judicial resources and what it characterizes as potentially insurmountable problems of issue and claim preclusion.  Mot. to Stay at 10.  Neither Jachimowski or 2700 Club, however, supports these arguments with specific examples.  Furthermore, given the distinct nature of this action from the underlying suit and the lack of identity between the parties in the two cases, the court is not persuaded that proceeding with this case would result in duplicative depositions, a waste of judicial resources at either the state or federal level, or a judgment that

5

would have a preclusive effect in the underlying suit. To the extent depositions taken in the underlying litigation are relevant to this litigation, the court can use its authority to protect the movants from duplicative discovery. Moreover, proceeding with Penn-Star's declaratory judgment action would clarify the legal obligations owed by Penn-Star under the policy. Accordingly, this factor also weighs in favor of exercising the court's jurisdiction.

      **D.     Whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time**

Penn-Star concedes that it could have filed this action in state court. Resp. at 3. While Penn-Star argues that it had to seek a declaratory judgment immediately or risk being estopped from doing so, it does not suggest that if the court were to dismiss this action it would be unable to refile in state court. *Id*. Accordingly, this factor weighs in favor of declining jurisdiction.

      **E.     Other relevant considerations**

In addition to arguing the specific *Zavalis* factors, Jachimowski also argues that considerations of comity weigh in favor of declining jurisdiction. Relying on *Wright* v. *Westport Ins. Co.*, No. 01 C 50367, 2003 U.S. Dist. LEXIS 18067 (N.D. Ill. Oct. 10, 2003), Jachimowski argues that the state court is the more appropriate forum in this case given that the policy must be interpreted according to Illinois law and involves an out-of-state insurer who conducts a significant amount of business in Illinois but is not regulated under its laws. Reply at 4. In *Wright*, the district court remanded a declaratory judgment action which had been removed from state court because the issues raised in the federal proceeding were identical to those in the state court and because those issues involved unsettled areas of state law. *Wright*, 2003 U.S. Dist. LEXIS 18067, at *5-6. *Wright*, unlike this case, was the simple choice between whether the federal court or the state court should decide the same declaratory judgment action. Because the

6

court believed Illinois law to be "unsettled as to the application of proximate cause principles to the interpretation of an insurance contract," *id*., it concluded that the Illinois forum was better equipped to determine the legal rights of the parties. Neither Jachimowski nor 2700 Club has explained how the court's resolution of the issues in the declaratory judgment proceeding will involve unsettled issues of state law. To the extent Jachimowski argues that the state court has a compelling interest in protecting its citizens from out-of-state insurers who conduct a significant amount of business in Illinois, the argument is balanced by one of the basic aims of diversity jurisdiction, to protect out-of-state parties from the potential bias of state courts in favor of in-state parties.

## **CONCLUSION AND ORDER**

For the reasons discussed above, Jachimowski's motion to dismiss [#29] is denied.


Dated: May 26, 2009          Enter: _____
                                    JOAN HUMPHREY LEFKOW
                                    United States District Judge